*Amigo Shuttle v. Port Authority*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges*.

_____

AMIGO SHUTTLE INC., MICHAEL H. CONNERY, JR.,

> *Plaintiffs-Appellants*,

v.                                                            25-83

PORT AUTHORITY OF NEW YORK AND NEW JERSEY, SUSAN WARNER DOOLEY, AMY FISHER, SHERIEN KHELLA,

> *Defendants-Appellees*,

KEW T. FLYER INC., CHRISTINA CONTUMELIO,

> *Defendants*.*

_____

---

* The Clerk of Court is respectfully directed to amend the case caption as set forth above.

1

For Plaintiffs-Appellants:      MATTHEW L. BERMAN, Valli Kane & Vagnini LLP, Garden City, NY.

Rachel J. Schulman, Rachel Schulman, Esq. PLLC, New York, NY.

For Defendants-Appellees:      CRAIG A. DOMALEWSKI, Scott A. Hall, Dughi, Hewit & Domalewski, PC, Cranford, NJ.

Megan Lee, Office of the General Counsel, The Port Authority of New York and New Jersey, New York, NY.

Appeal from orders of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Plaintiffs-Appellants Amigo Shuttle Inc. ("Amigo") and Michael H. Connery, Jr., (together, "plaintiffs") appeal from an order of the United States District Court for the Southern District of New York (Castel, *J.*), entered on March 26, 2024, granting in part and denying in part Defendants-Appellees Port Authority of New York and New Jersey ("Port Authority"), Susan Warner Dooley, Amy Fisher, and Sherien Khella's (collectively the "Port Authority Officials" and, together with Port Authority, the "Port Authority Defendants") motion to dismiss as well as the court's December 13, 2024 order dismissing plaintiffs' complaint in its entirety and denying leave to amend.

Plaintiffs allege that the Port Authority Defendants entered into an unlawful agreement with defendants Kew T. Flyer Inc. ("KTF") and Christina Contumelio to "afford KTF a monopoly on the transport of commercial airline employees between JFK Terminal 4 and . . . 5 and destinations in New York and New Jersey." Compl. ¶¶ 149, 155, 161. On appeal, plaintiffs challenge only the dismissal of their claims under Section 1 and 2 of the Sherman Act and New

2

York's Donnelly Act, as well as the district court's denial of their request for leave to amend. They argue that the district court erred in concluding that (1) the Port Authority Defendants are entitled to state-action immunity; (2) plaintiffs fail to plausibly allege antitrust injury and thereby lack antitrust standing; and (3) plaintiffs' request for leave to amend should be denied as untimely and futile. We conclude that the district court properly dismissed plaintiffs' antitrust claims because plaintiffs fail to plausibly allege an antitrust violation. Based on this conclusion, we need not address the district court's determination regarding state-action immunity. We also conclude that the district court properly denied plaintiffs' request for leave to amend as futile. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only as necessary to explain our decision to **AFFIRM**.

## I.    Dismissal of Antitrust Claims

We review de novo a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *See, e.g.*, *O'Donnell v. AXA Equitable Life Ins. Co.*, 887 F.3d 124, 128 (2d Cir. 2018). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *See, e.g.*, *id.*

The district court dismissed plaintiffs' Sherman Act and Donnelly Act claims because it concluded that plaintiffs fail to allege an antitrust injury and therefore lack antitrust standing. While we agree with the district court's reasoning, we believe it is more accurate to say that plaintiffs' claims should be dismissed because plaintiffs fail to allege a substantive antitrust violation. *See* Areeda & Hovenkamp, *Antitrust Law* ¶ 335c4 (5th ed. 2024) ("Th[e] [antitrust injury] requirement has generated a great deal of confusion among courts, with many of them using the term 'antitrust injury' when they really mean injury-in-fact, or in some cases that no substantive

3

violation has occurred at all."); *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 482 (2d Cir. 2014) ("[W]e are entitled to affirm the judgment on any basis that is supported by the record.").

Starting with plaintiffs' Section 1 claim, plaintiffs have not adequately alleged the existence of an agreement. "At the pleading stage, a plaintiff [bringing a Section 1 claim must] allege enough factual matter (taken as true) to suggest that an agreement was made." *Relevent Sports, LLC v. United States Soccer Fed'n, Inc.*, 61 F.4th 299, 306 (2d Cir. 2023); *see United States v. Apple, Inc.*, 791 F.3d 290, 314–15 (2d Cir. 2015) ("The first crucial question in a Section 1 case is [] whether the challenged conduct stems from independent decision or from an agreement, tacit or express." (cleaned up)). Plaintiffs can make the requisite showing by either alleging "direct evidence that the defendants entered into an agreement or circumstantial facts supporting the *inference* that a conspiracy existed." *Relevent Sports*, 61 F.4th at 306 (emphasis in original) (internal quotation marks omitted).

Here, the crux of plaintiffs' complaint is that the Port Authority Defendants, KTF, and Sherien Khella "entered into an unlawful agreement, combination[,] or conspiracy to . . . afford KTF a monopoly on the transport[ation] of commercial airline employees between JFK Terminal 4 and JFK Terminal 5[] and destinations in New York and New Jersey." Compl. ¶¶ 149, 155, 161. However, plaintiffs fail to allege any facts (circumstantial or otherwise) that support an inference that an agreement existed. They at most allege, "[u]pon information and belief, [that] one or more board members of [t]he Port Authority has a relationship with Defendant Contumelio, which provides motive for [the Port Authority Officials] to intercede on her behalf [] to ensure that [] Contumelio is able to maximize her income by operating KTF as a transportation monopoly." Compl. ¶ 127. But, while a plaintiff may rely on facts alleged "upon information and belief" where "the facts are peculiarly within the possession and control of the defendant, or where the belief is

4

based on factual information that makes the inference . . . plausible," *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010), here plaintiffs have not provided any facts supporting their belief that any such relationship exists. Instead, the allegation appears to be nothing more than conjecture and speculation. *See JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 527 (S.D.N.Y. 2013) (dismissing allegations made upon information and belief where nothing was offered to support plaintiffs' belief "but conjecture and speculation").

And even accepting plaintiffs' allegation of a pre-existing relationship as true, the allegation still falls short of supporting an inference of an *agreement* among defendants. At most, the relationship would (in plaintiffs' own words) "provide[] [a] *motive* for [the Port Authority Officials] to intercede on [Contumelio's] behalf" because the unnamed board member "ha[s] the ability to promote [the Port Authority Officials] . . . in exchange for their assistance with KTF." Compl. ¶ 127 (emphasis added). A one-sided motive to intervene from the Port Authority Defendants alone, absent further indicia of an agreement, is insufficient. Accordingly, plaintiffs' Section 1 claim has not been plausibly set forth. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 183 (2d Cir. 2012) ("In order to establish a conspiracy in violation of § 1 [of the Sherman Act], . . . proof of joint or concerted action is required; proof of unilateral action does not suffice.").

Moreover, even if plaintiffs *had* plausibly alleged the existence of an agreement, they still fail to allege an antitrust violation *per se* or under the rule of reason. As a threshold matter, in choosing the proper mode of analysis, the district court correctly determined that plaintiffs have not alleged a horizontal agreement and that their claim is therefore subject to the rule of reason. Agreements within the scope of Section 1 may be either "horizontal," *i.e.*, "agreement[s] between competitors at the same level of the market structure," or "vertical," *i.e.*, "combinations of persons at different levels of the market structure, *e.g.*, manufacturers and distributors." *Anderson News*,

5

680 F.3d at 182. "[V]ertical restraints . . . should generally be subject to the rule of reason." *Apple*, 791 F.3d at 321.

Here, the Port Authority Defendants and KTF are at different levels of the market structure: the Port Authority Defendants issue permits for companies (including KTF) in the downstream market for shuttle transportation services at JFK. In other words, because Port Authority does not provide its own shuttle services at JFK, it is not a competitor or a participant in the hypothetical market for shuttle transportation services at JFK.

Accordingly, plaintiffs do not allege a *per se* antitrust violation, and their claims are therefore subject to the rule of reason. Under the rule of reason, "the plaintiff has the initial burden to prove that the challenged restraint has a substantial anticompetitive effect that harms consumers in the relevant market. If the plaintiff carries its burden, then the burden shifts to the defendant to show a procompetitive rationale for the restraint. If the defendant makes this showing, then the burden shifts back to the plaintiff to demonstrate that the procompetitive efficiencies could be reasonably achieved through less anticompetitive means." *Ohio v. Am. Express Co.*, 585 U.S. 529, 541 (2018) (cleaned up).

Plaintiffs fail at the first step. Putting aside the fact that, as the district court observed, "the Complaint does not attempt to show why the shuttle-bus companies used by flight crews are a defined product market under the antitrust laws," App'x 179 n.3, plaintiffs fail to allege any actual detrimental effects on competition or the possession of market power by KTF in this hypothetical market.

Nor have plaintiffs successfully pled a Section 2 claim. "To establish a § 2 violation for completed monopolization, a plaintiff must produce evidence sufficient to prove the defendant: (1) possessed monopoly power in the relevant market; and (2) willfully acquired or maintained

6

that power." *Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 97 (2d Cir. 1998). Dismissal on the pleadings is appropriate when a plaintiff "fail[s] even to attempt a plausible explanation as to why a market should be limited [or defined] in a particular way." *Todd v. Exxon Corp.*, 275 F.3d 191, 200 (2d Cir. 2001).

Here, even though "it form[ed] no part of the [district] [c]ourt's decision," the district court correctly observed that "the [c]omplaint does not attempt to show why the shuttle-bus companies used by flight crews are a defined product market under the antitrust laws, and it is not apparent why their services would not be interchangeable with other forms of private transportation." App'x 179 n.3. This failure alone is fatal to plaintiffs' Section 2 claim. And even if it weren't, plaintiffs also fail to allege that defendants have engaged in specific conduct that would monopolize the hypothetical market for shuttle transportation services.

Because "[t]he Sherman Act and the Donnelly Act require identical basic elements of proof for claims of monopolization or attempt to monopolize," plaintiffs' Donnelly Act claim similarly fails. *Wolf Concept S.A.R.L. v. Eber Bros. Wine & Liquor Corp.*, 736 F. Supp. 2d 661, 668 (W.D.N.Y. 2010) (citing *New York v. Mobil Oil Corp.*, 38 N.Y.2d 460, 381 (1976)). Accordingly, we affirm the district court's dismissal of plaintiffs' federal and state antitrust claims because plaintiffs fail to plead an antitrust violation.

## II.     Denial of Leave to Amend

The district court also correctly denied plaintiffs' request for leave to amend because the proposed amendment is futile. *See Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("One appropriate basis for denying leave to amend is that the proposed amendment is futile."). Plaintiffs sought leave to amend their complaint to clarify that:

> (1) Defendants have agreed to and conspired to provide KTF with an unlawful monopoly by locking out all other competitors from the relevant market,

including not just Amigo, but also Voyager 2 and ETS (competitors to KTF that have already been identified in the Complaint, at ¶¶ 90–97[)]; and

(2) Defendants effectuated their conspiracy by denying these competitors permits and demanding contractual terms and conditions that effectively rendered it impossible for them to compete in the market, constituting a refusal to deal.

App'x 185-86. In essence, they sought to amend their complaint to more specifically allege an unlawful refusal to deal.

In support for their theory, they cite *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 124 (2d Cir. 2007) for the proposition that a "refusal to deal" is unlawful if it is done for the purpose of monopolization. But therein lies the problem. Plaintiffs' proposed amendments include no new facts that would change our conclusion that plaintiffs have failed to sufficiently allege an agreement between the various defendants, a relevant market defendants sought to monopolize, or a harm to competition in that market. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (pleadings that "are no more than conclusions . . . are not entitled to the assumption of truth"). Accordingly, the proposed claim, as amended, still would not withstand a motion to dismiss and amendment is therefore futile. *Lucente*, 310 F.3d at 258 ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Fed. R. Civ. P.] 12(b)(6).").

\* \* \*

We have considered appellants' remaining arguments and find them to be without merit. Accordingly, the orders of the District Court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk